IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Eugene Thomas, ) | C/A No.: 1:11-1585-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| James M. Dorriety; Scotty Bodiford; ) | |
| Tracy K. Krein; Patricia Rae; and Susan ) | |
| Ward, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at Greenville County Detention Center ("GCDC") and brings this action against GCDC employees alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been referred to the undersigned. This matter comes before the court pursuant to Plaintiff's motion to compel [Entry #43].

By order dated January 17, 2012, the undersigned directed Defendants to provide Plaintiff with a copy of his medical records from GCDC by January 31, 2012. In his motion to compel, Plaintiff attaches a letter he claims he sent to counsel for Defendants indicating he believes the records provided were incomplete. Specifically, Plaintiff requested the reports of Dr. Williams, Patricia Rae, and Nurse Susan Ward. *See* Entry #43-1. Defendants appear to argue that they never received Plaintiff's letter and, even if

they had, the request was untimely. [Entry #49]. Defendants do not indicate whether they have the documents specifically referenced by Plaintiff. *Id*.

It appears that Plaintiff's request is not a supplemental discovery request, but is more properly construed as an inquiry regarding what Plaintiff believed to be an incomplete production. Therefore, Plaintiff's motion to compel [Entry #43] is granted with regard to Plaintiff's medical file. Defendants are directed to determine the following: (1) whether they have the documents specifically requested by Plaintiff; and (2) whether Plaintiff was provided with a complete copy of his medical file. Defendants shall file a status report by April 2, 2012, indicating whether additional documents were identified, and if so, on what date the additional documents were served on Plaintiff.

Plaintiff also requests the addresses for Dr. Williams and Nurse Ward for subpoena purposes. It is not necessary for Plaintiff to serve a subpoena on Nurse Ward, as she is a party to this case. With regard to Dr. Williams, it appears Plaintiff seeks to subpoena his presence at trial. However, Plaintiff's request is premature, as the court has not yet ruled on dispositive motions.

Additionally, although a subpoena is the proper method for compelling attendance of a witness at trial or requesting documents from a third-party, Plaintiff has not provided the proper form or the necessary witness fees. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena such as witness fees. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D.Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived);

*Johnson v. Hubbard*, 698 F.2d 286, 288–291 & nn. 2–5 (6th Cir.) (lower courts have no duty to pay fees to secure depositions in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (holding that 28 U.S.C. § 1915(c) does not require government payment of witness fees and costs for indigent plaintiffs in § 1983 suits). If Plaintiff wishes to obtain subpoenas, he may do so by contacting the Clerk of Court and providing the Clerk's office with a Form AO 88 (Subpoena in a Civil Case), together with the necessary witness fees. In the event that Plaintiff submits the correct form and fees to the Clerk of Court, the court will consider directing Defendants to provide the address of Dr. Williams at that time. Plaintiff will have ample time to submit the same after a trial date is set. Therefore, Plaintiff's motion to compel [Entry #43] is denied at this time to the extent it seeks the addresses for Dr. Williams with leave to re-file after he has tendered a properly completed AO 88 form and the necessary witness fees.

    IT IS SO ORDERED.

*[Signature]*

March 20, 2012                                            Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge