IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Eugene Thomas, #130364, ) | |
| ) | C/A No. 1:11-01585-MBS-SVH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| James M. Dorriety; Scotty Bodiford; ) | |
| Tracy H. Krien; Patricia Rae, P.A.; ) | |
| Susan Ward, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On June 30, 2011, Eugene Thomas ("Plaintiff"), a detainee at the Greenville County Detention Center ("GCDC"), proceeding pro se, filed a 42 U.S.C. § 1983 action in this court against James M. Dorriety, Scotty Bodiford, Tracy H. Krien, Patricia Rae, and Susan Ward (collectively "Defendants"), employees at the GCDC. ECF No. 1. Plaintiff claims that Defendants violated Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his medical needs in treating a skin condition. Pursuant to 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

Plaintiff has filed two motions to appoint counsel, first on October 12, 2011, and again on January 1, 2012. ECF No. 24 & 39. The Magistrate Judge denied both motions on January 26, 2012 and March 29, 2012, respectively. ECF No. 40 & 55. This matter is before the court on Defendants' motion for summary judgment, filed February 28, 2012. ECF No. 44. By order filed that same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to

respond adequately. ECF No. 45. Plaintiff filed a response in opposition to Defendants' motion for summary judgment on March 29, 2012. ECF No. 57. On June 20, 2012, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. ECF No. 64. Plaintiff filed objections to the Report and Recommendation on July 9, 2012, ECF No. 67, and Defendants filed a reply on July 26, 2012. ECF No. 69.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2009, Plaintiff went to the medical department ("medical") at GCDC to have a skin rash examined. ECF No. 44-2 at 2. Defendant Rae prescribed Plaintiff hydrocortisone cream, but that did not alleviate Plaintiff's condition. ECF No. 1 at 3. Two weeks later, Plaintiff returned to medical. *Id.* On Plaintiff's second visit, Defendant Rae provided him with a different type of cream, as well as pills to alleviate his itching. *Id.* On February 2, 2010, Defendants Ward and Rae diagnosed Plaintiff with scabies and prescribed Plaintiff elimite, prednisone, and dyphenhydramine. ECF No. 44-2 at 2. According to Plaintiff's medical records, Plaintiff refused treatment for scabies. ECF No. 57-1 at 23. Plaintiff returned to medical on April 28, 2010, May 4, 2010, and May 25, 2010, and each time, Plaintiff received medication for his condition. ECF No. 44-2 at 2. On August 24, 2010, Plaintiff returned to medical seeking the scabies treatment that he had previously rejected, and medical provided the treatment. ECF No. 57-1 at 23. On December 10, 2010, Plaintiff met with medical again and indicated that his condition was improving. *Id.* Nevertheless, Plaintiff was interested in discovering what had caused his condition. *Id.* On February 16, 2011, Plaintiff was seen by an outside physician who determined that another trial of hydrocortisone cream was warranted. ECF No. 44-2 at 20. According to Plaintiff's complaint, Defendants Krien and Dorriety advised

2

Plaintiff that, because he had already been treated by medical and an outside physician, there was no additional treatment they could provide and that any further care would have to wait until Plaintiff's release from GCDC. ECF No. 1 at 4. Plaintiff alleges in his brief in opposition to summary judgment that, on a date unknown, Defendants threatened to place him in permanent "lock down" if he continued to complain about the quality of his care. ECF No. 57 at 2.

On June 20, 2012, the Magistrate Judge issued a Report and Recommendation in which she found that (1) Plaintiff's dissatisfaction with the treatment he received for his condition does not state a claim for "deliberate indifference to serious medical needs" under the Eighth Amendment and (2) absent a showing that Defendants had transgressed a constitutional right, Defendants were entitled to qualified immunity. ECF No. 64.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the

disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

## DISCUSSION

Plaintiff asserts two discernible objections. First, Plaintiff objects to the Magistrate Judge's decision to disregard the allegation Plaintiff put forth in his brief in opposition to summary judgment that Defendants threatened to place him in "lock down" if he continued to complain about his skin condition. ECF No. 67 at 3. Second, Plaintiff argues that the Magistrate Judge's Report and Recommendation was improper because he was deprived of access to counsel on summary judgment.

The government is required to provide medical care for incarcerated individuals. *Estelle*, 429 U.S. at 102. The standard for reviewing medical claims of pretrial detainees is the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004). However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Mere

negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106.

The Magistrate Judge correctly found that Plaintiff has put forth insufficient evidence to support a claim of deliberate indifference to serious medical needs. GCDC medical records, Defendant Krien's affidavit, and Plaintiff's admissions establish that Plaintiff had prompt access to medical attention whenever he requested it and numerous opportunities to meet with medical personnel between December 8, 2009 and February of 2011. On December 10, 2011, after months of treatment, Plaintiff noticed that his condition was beginning to improve. Still, GCDC provided Plaintiff with an opportunity to consult an outside physician on February 16, 2011. Plaintiff has proffered no evidence that suggests Defendants sought to deprive Plaintiff of medical care or acted with deliberate indifference to Plaintiff's health. Although Plaintiff may have been unhappy with the quality of care he received, dissatisfaction is not the test under the Eighth Amendment.

The Magistrate Judge correctly disregarded the allegation Plaintiff put forth in his brief in opposition to summary judgment that Defendants threatened to place him in "lock down" if he continued to seek further medical care. ECF No. 67 at 3. Plaintiff failed to include the allegation in his complaint and put forth no evidence to support a finding that Defendants threatened him in such a manner. Furthermore, even if the court were to consider that allegation, it would not affect the court's determination because based on the lengthy medical records, it is evident that Plaintiff received frequent and adequate medical attention at GCDC. The assertion that Defendants threatened to place Plaintiff in "lock down" by itself, without any context in terms of when Defendants made the threat, would not establish a genuine issue of material fact as to

5

Plaintiff's claim of deliberate indifference to serious medical needs. For those reasons, the Magistrate Judge correctly recommended that Defendants' summary judgment motion be granted.

With respect to Plaintiff's second objection, the Magistrate Judge's decisions not to appoint Plaintiff counsel at the summary judgment stage does not render her recommendation improper. On October 17, 2011, and again on January 26, 2012, the Magistrate Judge determined that appointment of counsel was unwarranted under 28 U.S.C. § 1915(e)(1), without a showing of "exceptional circumstances" by Plaintiff. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The court construes Plaintiff's filing as an appeal of those rulings pursuant to FED. R. CIV. P. 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The court has thoroughly reviewed the record and discerns no grounds upon which to find that the Magistrate Judge's orders were clearly erroneous or contrary to law, nor does Plaintiff articulate any such grounds. The court affirms the Magistrate Judge's October 17, 2011, and January 26, 2012 rulings.

## **CONCLUSION**

Accordingly, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment is granted.

**IT IS ORDERED.**

                                          S/ Margaret B. Seymour
                                          Margaret B. Seymour
                                          Chief United States District Judge

Columbia, South Carolina
September 25, 2012